An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

LIBERTY MUTUAL,
Appellant,
vs.
JOANN LEON,
Respondent.

No. 58322

**FILED**

MAY 16 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

### BACKGROUND

Appellant is the workers' compensation insurer for Daymon Worldwide, respondent's employer. Respondent asserts that in December 2008, she suffered pain in her lower back, vagina, and rectum as a result of bending over to pick something up while at work. Appellant denied respondent's subsequent claim for workers' compensation, concluding that there was insufficient evidence to show that the injury was industrial. A hearing officer affirmed the claim denial, and respondent appealed.

The appeals officer determined that a medical question existed as to whether respondent's injury was industrial, whether respondent had a preexisting back condition, and, if there was a preexisting condition, whether the injury was compensable under NRS 616C.175 as an aggravation of the preexisting condition. The appeals officer therefore ordered an independent medical examination (IME). Dr. Vater performed the IME and concluded that appellant's injury was industrial and had

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14471

aggravated a preexisting back condition, but that the injury was not a substantial contributing cause of appellant's current condition. The appeals officer determined that Dr. Vater's report was credible and that respondent had met her burden under NRS 616C.150 to establish that her injury was industrial. The appeals officer then reversed the hearing officer's decision and ordered appellant to provide appropriate treatment for an accepted claim of lumbar sprain/strain, but noted that "[w]hether the diagnosed aggravation of the Claimant's pre-existing back condition is a temporary condition is something to be determined after conservative medical treatment/investigation proceeds under her claim for an accepted lumbar sprain/strain." In making this determination, the appeals officer did not address Dr. Vater's conclusion that the injury was not a substantial contributing cause of appellant's current condition.

Appellant subsequently filed a petition for judicial review in the district court.[1] The district court granted the petition and remanded the matter to the appeals officer to make specific findings as to whether respondent's injury was a substantial contributing cause of her current condition and to address the implications of NRS 616C.175, which sets forth an exception to the insurer's liability in cases involving the aggravation of a preexisting nonindustrial condition, in precluding compensation.

On remand, the appeals officer issued a supplemental decision and order, which clarified that he could not at that time determine whether respondent's industrial injury had "more than temporarily

---

[1]Appellant did not provide the briefing associated with either of its petitions for judicial review in its appendix on appeal.

aggravated her preexisting condition and whether it is a substantial contributing cause of the entirety of her resulting condition," and he ordered the claim accepted for a lumbar sprain/strain, but deferred a determination on the NRS 616C.175 issue until "further medical investigation and conservative care is provided . . . ."

Appellant filed another petition for judicial review of the supplemental decision and order, asserting that the appeals officer's decision was an abuse of discretion. The district court denied the petition, concluding that, under NRS 616C.330, the appeals officer had the authority to require appellant to pay for continuing treatment of respondent's injury to resolve the question regarding her preexisting back condition. This appeal followed. On appeal, appellant argues, among other things, that the appeals officer erred by not addressing the NRS 616C.175 issue when he ordered the acceptance of respondent's claim for lumbar sprain/strain. We agree, and we therefore reverse the district court's decision.

## DISCUSSION

This court reviews an appeals officer's decision in a workers' compensation matter for clear error or abuse of discretion. NRS 233B.135(3); *Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557, 188 P.3d 1084, 1087 (2008). Judicial review is confined to the record before the appeals officer, and on issues of fact and fact-based conclusions of law, the appeals officer's decision will not be disturbed if it is supported by substantial evidence. *Vredenburg*, 124 Nev. at 557, 188 P.3d at 1087-88; *Grover C. Dils Med. Ctr. v. Menditto*, 121 Nev. 278, 283, 112 P.3d 1093, 1097 (2005). An appeals officer's determinations on pure issues of law, however, are reviewed de novo. *Roberts v. State Indus. Ins. Sys.*, 114 Nev. 364, 367, 956 P.2d 790, 792 (1998).

When an employee suffers an industrial injury that aggravates a preexisting nonindustrial condition, the compensability of that employee's workers' compensation claim requires a two-part evaluation. *See* NRS 616C.150(1) (setting forth the injured employee's initial burden to establish that workers' compensation benefits are warranted); NRS 616C.175(1) (explaining when a preexisting condition may preclude an injured employee from receiving workers' compensation benefits for his or her current injury). First, an injured employee is required to establish that his or her injury occurred within the course of employment in order to obtain workers' compensation benefits. NRS 616C.150(1). Second, if the injured employee meets his or her burden under NRS 616C.150, the burden shifts to the insurer to prove that the injury, which aggravated, precipitated, or accelerated a preexisting nonindustrial condition, is not a substantial contributing cause of the employee's current condition and that the insurer is therefore not liable for workers' compensation benefits. NRS 616C.175(1); *see also Ross v. Reno Hilton*, 113 Nev. 228, 229, 931 P.2d 1366, 1367 (1997).

Here, the appeals officer determined that respondent had met her burden under NRS 616C.150 of showing that her injury was industrial and that the injury had aggravated a preexisting back condition. This determination is supported by substantial evidence in the record. *See Vredenburg*, 124 Nev. at 557 n.4, 188 P.3d at 1087 n.4 ("Substantial evidence is evidence that a reasonable person could accept as adequately supporting a conclusion."). The appeals officer erred, however, in ordering the acceptance of respondent's claim while deferring a determination regarding respondent's preexisting condition. If appellant can show that respondent's current lumbar sprain/strain injury is not a substantial

SUPREME COURT
OF
NEVADA

(O) 1947A

contributing cause of her present back pain condition, then respondent's claim will not be accepted and no benefits for her injury will be paid. Thus, the appeals officer's order that appellant accept respondent's lumbar sprain/strain claim and provide conservative medical treatment before any determination regarding appellant's NRS 616C.175 argument was premature and is a legal error. *See* NRS 616C.175(1) (recognizing that if the insurer meets its burden under NRS 616C.175(1), the injured employee's claim is not compensable); *see* also NRS 616C.155 (stating that "[a]n insurer shall not provide compensation to or for an employee . . . before the compensation is required to be paid pursuant to the provisions of [NRS Chapters 616A to 616D]").

The appeals officer stated that he did not have sufficient evidence to make a determination regarding NRS 616C.175, but NRS 616C.330(3) specifically allows the appeals officer to order additional evidence when it is necessary to resolve a medical question concerning an injured employee's condition.[2] Accordingly, we reverse the district court's order denying judicial review and direct the district court to grant the petition and remand this matter to the appeals officer to resolve the

---

[2]In denying the petition for judicial review, the district court pointed to NRS 616C.330(3) as authorizing the appeals officer to order the acceptance of the claim and direct that conservative medical treatment be provided before making any determination regarding appellant's NRS 616C.175 arguments. The parties did not address that statute on appeal. Under these circumstances, and given our conclusion that 616C.175(1) and NRS 616C.155 preclude the appeals officer from making such a determination without first resolving the NRS 616C.175 issue, we need not address the district court's conclusion in this regard.

question of whether appellant has met its burden under NRS 616C.175, so as to preclude its liability for respondent's industrial injury.

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Linda Marie Bell, District Judge
       William F. Buchanan, Settlement Judge
       Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
       Nevada Attorney for Injured Workers/Las Vegas
       Eighth District Court Clerk